IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

HAROLD M. COOPER                                                            PLAINTIFF

VS.                                                                     NO. 2:04CV006-D-A

BESTWAY RENTAL                                                 DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Defendant's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted granted.

*A. Factual Background*[1]

The Plaintiff, a black male, filed this race discrimination action based on a failure to promote claim. The Plaintiff also has alleged claims for hostile work environment and violation of the Family Medical Leave Act.[2] The Plaintiff was employed by the Defendant on three separate occasions the last of which began on January 2, 2003, and ended on September 19, 2003.[3] According to the Defendant, it is during this last employment period that the alleged offensive conduct occurred. During this period of time, the Plaintiff was an assistant manager in the Defendant's Batesville store.

Unlike the Court, the Defendant has been able to extract from the complaint "two, separate,

---

[1] Due to the Plaintiff's completely deficient briefing, most of the factual information was extracted from the complaint and the Defendant's memorandum.

[2] The complaint alludes to the existence of a gender discrimination claim but has made no attempt to substantiate this allegation. Moreover, under "cause of action," a gender claim is never discussed. Based on the information presented, a gender discrimination claim could not be maintained. Therefore, any consideration of such an allegation is unnecessary.

[3] The Plaintiff was employed during 1999, during 2002, and during the period described above.

isolated incidents of" alleged racial discrimination.[4] Presumably, the Plaintiff complains that he was discriminated against when the Defendant twice denied him a promotion to store manager. The first such position was filled on January 15, 2003, just thirteen days after the Plaintiff began his third period of employment with the Defendant. Despite his previous employment, the Defendant offers that the Plaintiff had not been with the company long enough to evaluate his managerial abilities. In addition, the person selected for manager of the Batesville store, Grady Chappell, had previous managerial experience with another employer in the same industry.

In September 2003, Tiffany Boren replaced Chappell as the Batesville store manager. Apparently aware that Chappell was leaving, the Defendant had been actively recruiting Boren who was a manager at a competing rental business. Additionally, the Defendant offers that the Plaintiff was not promoted to manager because of the Batesville store's under performance. The Defendant explains that its policy is not to promote individuals unless they are within a successful store.

On September 15, 2003, the Plaintiff was asked to report to the Senatobia location and his annual pay was increased by $1,200. On September 18, 2003, the Plaintiff was thirty minutes late for work. The next day the Plaintiff called in sick after his scheduled time to begin work. The following day, September 20, 2003, the Plaintiff failed to show up for work and did not call to explain his absence. The company policy provides that two unexcused absences from work as job abandonment and grounds for termination. In accordance with this policy, the Plaintiff was fired for failure to report to work to the Senatobia store. Curiously, the Plaintiff filed his EEO complaint on

---

[4] Having read the complaint several times over, the Court is unable to identify any distinct incidents of discrimination. Rather, the allegations in the complaint read as though the Plaintiff is attempting to bring a very generalized disparate impact claim as opposed to a disparate treatment claim arising from specific acts of discrimination.

September 17, 2003.

## *B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## *B. Discussion*

### 1. Failure to Promote

In order to establish a *prima facie* case of race discrimination arising from a failure to

promote claim, a plaintiff must demonstrate (1) that he was a member of a protected class; (2) that he was qualified for the position; (3) that he was not hired for the position sought; and (4) the employer persisted in seeking applicants with qualifications comparable to those the plaintiff possessed, Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 317 (5th Cir. 2004), or the position was filled by someone outside the protected class. Pratt v. City of Houston, Tex., 247 F.3d 601, 606 n.2 (5th Cir. 2001). It is not enough that the plaintiff show he was simply more qualified Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357-58 (5th Cir. 2001). Rather the plaintiff must demonstrate that his credentials were so outstanding as to "leap from the record and cry out to all who would listen that he was vastly– or even clearly– more qualified" for the job than the person chosen. Odom v. Frank, 3 F.3d 839, 847 (5th Cir. 1993). Furthermore, a reviewing court must not replace its own judgment for that of "the employer in evaluating what types of experience are most valuable for an employee in the absence of proof that the standards were consistently applied or were so irrational or idiosyncratic as to suggest a cover-up." EEOC v. La. Office of Comm'n Serv., 47 F.3d 1438, 1445 (5th Cir. 1995).

As is the case here, when there is insufficient direct evidence of discrimination, the familiar McDonnell Douglas burden shifting framework will apply. Evans v. City of Bishop, 238 F.3d 586, 590 (5th Cir. 2000). Once a plaintiff has established a prima facie case, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the failure to promote. Johnson v. Louisiana, 351 F.3d 616, 621 (5th Cir. 2003). Assuming the defendant employer satisfies this burden of production, the inference of discrimination created by the plaintiff's prima facie showing is discarded. West v. Nabors Drilling USA, Inc., 330 F.3d 379, 385 (5th Cir. 2003). The plaintiff may prevail if he persuades the trier of fact that the employer's proffered reason for the discharge

is a pretext for discrimination. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002). Throughout the burden shifting framework, the ultimate burden of persuading the trier of fact that the defendant's actions were intentionally discriminatory remains at all times with the complainant. Tex. Dept. of Cmty. Affairs v. Burdine, 450 U.S. 248, 253, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981).

Here, not only is there a complete absence of evidence, there is practically a complete absence of any supporting factual detail and even very little argument. In his attempt to avoid summary judgment, the Plaintiff refers to the Defendant's failure to "produce any written policy" regarding promotions, and the Defendant's failure "to produce any statistical documents" concerning promotions. It is painfully obvious that the Plaintiff does not fully appreciate the fundamental burden accompanying a racial discrimination claim. In order to prevail, the Defendant need not produce anything. To the contrary, it is the Plaintiff's task to present enough proof to sustain his claims and create a jury question.

Nevertheless, the Court will briefly attempt to address the merits of the Plaintiff's claim. First, as an black male, the Plaintiff is clearly a member of a protected class. While there is no proof, there Court will assume that the Plaintiff was qualified for the store manager's position. The Plaintiff was clearly not hired or promoted to a store manager. It is the fourth element of the prima facie case where the Plaintiff's claim is defeated. The Plaintiff never identifies the individuals by name or by their race who ultimately filled the store manager positions. In this regard, the Plaintiff has failed to establish a prima facie case of discrimination.

Even assuming, however, that a claim has been stated, the Defendant has articulated at least two nondiscriminatory reasons for its refusal to promote the Plaintiff. The Defendant offers, and

supports with evidence, that the Plaintiff was not promoted because he had not been employed long enough to determine if he possessed management abilities and that it is company policy not to promote someone from within an under performing store. Yet, the Defendant goes even farther and provides evidence showing that of the seven stores located within seventy five miles of Batesville, six of the seven store managers were minorities.[5] Additionally, the Defendant contends that during the Plaintiff's employment, the position of store manager became available five times. Minorities were hired for these positions three out of five times. The Plaintiff has done absolutely nothing to rebut this proof.

Given the Plaintiff's inadequate complaint and deficient brief in opposition to the motion for summary judgment, particularly in light of the Defendant's overwhelming proof, the Court is left with no alternative but to grant summary judgment as to the Plaintiff's failure to promote claim.

2. Racial Discrimination

In order to establish a prima facie case of race discrimination, a plaintiff must demonstrate (1) that he was a member of a protected class; (2) that he was qualified for the position; (3) that he was discharged; and (4) after he was discharged he was replaced with a person who is not a member of the protected class, Frank v. Xerox Corp., 347 F.3d 130, 137 (5th Cir. 2003), or "show[] that other similarly situated employees were treated more favorably." Bryan v. McKinsey & Co., Inc., 375 F.3d 358, 360 (5th Cir. 2004). The McDonnell Douglas burden shifting framework explained supra also applies.

It is not at all clear that the Plaintiff has attempted to state a claim for racial discrimination arising out of his termination. Nonetheless, in the interest of judicial economy, the Court will briefly

---

[5] One black male, three black females, two white females and one white male.

address the merits of any such claim. As has been noted, the Plaintiff is a member of a protected class and the Court will again assume that he was qualified. There is no dispute that the Plaintiff was discharge from his job, thereby, suffering an adverse employment decision. However, once again, the fourth element dooms the Plaintiff's claim. There is no discussion surrounding who might have filled the vacancy left by the Plaintiff's termination. Nor is there any attention given to how other similarly situated employees might have been treated differently. As such, the Plaintiff has wholly failed to state a <u>prima</u> <u>facie</u> case of racial discrimination and his claim fails.

Assuming for a moment, that the Plaintiff had been more concerned about his claim and miraculously managed to established a <u>prima</u> <u>facie</u> case, such a demonstration would surely fail at the pretext stage. It is uncontested that the Plaintiff was discharged for job abandonment arising from two unexcused absences and failing to report to work. There is absolutely no argument or evidence to the contrary. As a result of the Plaintiff's failure to cross the first hurdle under the burden shifting framework or, alternatively, for his inability to refute the Defendant's legitimate nondiscriminatory reason, summary judgment shall be granted for any racial discrimination claim.

### 3. Hostile Work Environment

In order to maintain a claim for hostile work environment a plaintiff must demonstrate that he (1) belonged to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on race; and (4) the harassment affected a term, condition, or privilege of employment. <u>Frank v. Xerox Corp.</u>, 347 F.3d 130, 138 (5th Cir. 2003). The plaintiff is required to show that he subjectively believed the harassment was "sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." <u>Id.</u> at 138. The "'mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee' would

not affect the conditions of employment to a sufficiently significant degree to violate Title VII." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67, 106 S. Ct. 2399, 2405, 91 L. Ed. 2d 49 (1986) (quoting, Rogers v. EEOC, 454 F.2d 234, 238 (5th Cir. 1971)). The Supreme Court has outlined factors that are to be considered to determine if the alleged harassment was sever or pervasive. These factors are not to be taken in isolation, but the court should consider the totality of the circumstances such as "the frequency of the discriminatory conduct; its severity, whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 27, 114 S. Ct. 367, 371, 126 L. Ed. 2d 295 (1993).

Once again, it is most interesting that the facts which presumably form the basis of the Plaintiff's claim come from deposition testimony identified only by the Defendant. Unlike the previous claims, the Court will not assume that the Plaintiff has or can establish a hostile work environment claim. To the contrary, the only element the Plaintiff has demonstrated is that he was a member of a protected class. Beyond this first element, the Plaintiff has not asserted, let alone substantiated, any facts in support of his claim. The Defendant, however, has identified several possible bases for the Plaintiff's claim.

In deposition testimony, the Plaintiff complained of (1) having the duties of an account manager and assistant manager; (2) having lesser duties when he was transferred to the Senatobia location; and, (3) having to perform cleaning duties. Even viewed in a light most favorable to the Plaintiff, this is far from proving a hostile work environment claim. There is simply no point of reference to determine if these complaints are the equivalent of harassment. Nor is there any indication, if this did constitute harassment, that it was based on race. Finally, apart from the

Plaintiff's conclusion that "the environment was hostile," there is absolutely no argument or evidence that the alleged harassment affected the Plaintiff's ability to perform his job. In contrast, during his deposition the Plaintiff admitted he always met his employment goals.

In the absence the Plaintiff's assistance, the Court simply cannot engage in speculation and conjecture which would allow the claim to survive summary judgment. The Plaintiff must do more than he has in this case. Given the Plaintiff's failure to demonstrate the existence of any issue of fact regarding three elements of a hostile environment claim, summary judgment shall be granted.

### 4. Family Medical Leave Act

The Family Medical Leave Act ("FMLA") provides an eligible employee with twelve weeks of leave during any twelve month period due to "a serious health condition that makes the employee unable to perform the functions of [his] position." 29 U.S.C. § 2612(a)(1)(D). It is unlawful for an "employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" this right. 29 U.S.C. § 2615(a)(1).

The Defendant admits that it is an "employer" as contemplated by the FMLA. 29 U.S.C. § 2611(4)(A). However, the Defendant disputes that the Plaintiff is an "eligible employee." The FMLA excludes from coverage "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). During the Plaintiff's employment, the Defendant had seven stores located within a 75 mile radius of the Batesville store. These seven stores employed less than fifty people during the relevant time period.

In his response to the motion for summary judgment, the Plaintiff did not defend his FMLA

claim.[6] Hence, the undisputed evidence indicates that the Plaintiff was not an "eligible employee" under the FMLA. Therefore, summary judgment shall be granted as to the Plaintiff's FMLA claim.

*C. Conclusion*

Essentially, the Plaintiff has failed to defend his claims of discrimination in promotion, racial discrimination, hostile work environment and violation of the FMLA. Though a summary judgment response was submitted, it could hardly be described as "responsive." The Court will not simply not presume that an employer engaged in discriminatory practices at aggrieved employee's insistence. The Plaintiff has attempted to substantiate his claims with very little weak argument but, in any event, without proof. As a result, the Court is left with no alternative but to grant summary judgment as to all the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 25th day of July 2005.

/s/ Glen H. Davidson
Chief Judge

---

[6] Nowhere in the record is the Plaintiff's FMLA claim expressly developed. It is not clear what facts, if any, might have formed the basis of such claim.